UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY JASON BURGETT,

        Plaintiff,

v                                                     Case No. 18-13940
                                                     Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING
THE COMMISISONER, AND DISMISSING COMPLAINT**

On June 11, 2015, Plaintiff Jeffrey Jason Burgett filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Tr. 160-168. Upon initial denial of the claim, Plaintiff requested an administrative hearing, held on October 24, 2017, in Mt. Pleasant, Michigan. Tr. 33-58. Administrative Law Judge ("ALJ") John Loughlin presided. ALJ Loughlin determined that Plaintiff became disabled on November 29, 2017, five months after his insured status expired for purposes of Title II benefits. Tr. 13-14. The Appeals Council subsequently denied Plaintiff's request for review. Tr. 1-3.

Plaintiff now brings this action pursuant to 42 U.S.C. § 405(g) challenging the ALJ's determination of his disability.

**I.**

**A.**

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the

record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act, a claimant is entitled to disability benefits if she can demonstrate that she is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that she meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

**B.**

Pursuant to federal regulations for Social Security, an applicant's age is considered in determining their eligibility for benefits. 20 C.F.R. § 404.1563(a) provides:

> When we decide whether you are disabled…, we will consider your chronological age in combination with your residual functional capacity, education, and work experience.

20 C.F.R. § 404.1563(a). It further provides:

> When we make a finding about your ability to do other work…[w]e will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b).

The Social Security Administration's Hearings, Appeals, and Litigation Law Manual (HALLEX) provides further guidance. Though not binding authority, it is considered persuasive. *See Amr v. Comm'r of Soc. Sec.*, 2018 WL 1088030, at *10 (E.D. Mich. Feb. 26, 2018); *Bowie*, 539 F.3d at 399; *Estep v. Astrue*, 2013 WL 212643, at *11 (M.D. Tenn. Jan. 18, 2013). HALLEX provides:

> SSA does not have a precise programmatic definition for the phrase "within a few days to a few months." The word "few" should be defined using its ordinary meaning, e.g., a small number. Generally, SSA considers a few days to a few months to mean a period not to exceed six months.
>
> To decide the first part of the test, ALJs will assess whether the claimant reaches or will reach the next higher age category within a few days to a few months after the…[d]ate last insured.

HALLEX I-2-2-42.

## II.

On July 8, 2019, Plaintiff filed a motion for summary judgment. ECF No. 17. He presents two arguments, which provide:

> A. With respect to the DIB claim, the ALJ failed to engage in legally required analysis under SSA policy in this borderline age case where Plaintiff was less than 5 months short of becoming a person of advanced age.
>
> B. The ALJ who conducted the hearing and issued the decision in this case was not properly appointed under the Constitution's Appointments Clause at the time of the hearing and, thus, did not have legal authority to preside over this matter or issue an unfavorable decision.

*Id.* at PageID.818. Each argument will be addressed in turn.

### A.

Plaintiff's Title II insured status expired on June 30, 2017. Tr. 13-14. The ALJ found that "[o]n November 29, 2017, the claimant's age category changed to an individual of advanced age."

Tr. 26. On November 30, 2017, Plaintiff turned 55 years old.[1] *See* Tr. 160. Plaintiff contends that "the ALJ in this case mechanically applied the age categories with respect to the DIB claim and offered no articulation of the reasons for doing so." ECF No. 17 at PageID.819. However, an ALJ is not obligated "to address a claimant's borderline age situation in his opinion or explain his thought process in arriving at a particular age-category determination." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008). Accordingly, the ALJ did not commit legal error when he did not address Plaintiff's alleged borderline age.

Furthermore, Plaintiff's situation does not merit a borderline age consideration. In *Bowie*, the Sixth Circuit adopted a previous edition of HALLEX which used a "sliding scale" approach requiring a claimant to "show progressively more additional vocational adversity(ies)–to support use of higher age–as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens." *Bowie*, 539 F.3d at 397 (citing HALLEX at II-5-3-2). Such an approach is still used by courts. *See Amr*, 2018 WL 1088030, at *10; *Lasorda v. Comm'r of Soc. Sec.*, 2017 WL 1276760, at *7 (W.D. Mich. Apr. 6, 2017). Examples of "additional vocational adversities" include "the presence of an additional impairment that infringes on the claimant's remaining occupational base; having only a marginal ability to communicate in English; or a history of work experience in an unskilled job in one isolated industry or work setting." *Bowie*, 539 F.3d at 397. "Absent a showing of additional adversity(ies)…the adjudicator will use the claimant's chronological age." *Id.* (quoting HALLEX at II-5-3-2).

Plaintiff does not have additional vocational adversities. He has at least a high school education, the ability to communicate in English, and a history of working both as a well service derrick worker and a satellite communications antenna installer. Tr. 25. Plaintiff attempts to

---

[1] C.F.R. § 404.102 provides "You reach a particular age on the day before your birthday. For example, if your sixty-second birthday is on July 1, 1979, you became age 62 on June 30, 1979."

obviate the significance of these attributes by listing his various functional limitations. However, Plaintiff does not furnish any authority to support the notion that functional limitations relieve the applicant's requirement to demonstrate a showing of additional vocational adversities.

Accordingly, Plaintiff's situation did not merit a borderline age consideration.

**B.**

Plaintiff next argues that:

> The ALJ who conducted the hearing and issued the decision in this case was not properly appointed under the Constitution's Appointments Clause at the time of the hearing and, thus, did not have legal authority to preside over this matter or issue an unfavorable decision.

ECF No. 17 at PageID.818.

Plaintiff relies upon the decision *Lucia v. S.E.C.* in which the Supreme Court determined that SEC ALJs are "Officers of the United States" pursuant to the Appointments Clause of the U.S. Constitution. The Appointments Clause provides, "Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2. Accordingly, the Court determined that ALJs must be appointed by the President, a court of law, or a department head. SEC ALJs had previously been appointed by SEC staff members. Because these staff members were not department heads, the Court concluded that the appointment of the SEC ALJs was not valid under the Appointments Clause.

In response to the Court's decision, on July 16, 2018 the Acting Commissioner of Social Security ratified the appointments of SSA ALJs and approved them as her own. *See Social Security Administration*, EM-18003 REV 2, "Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process--UPDATE," July 6, 2018. The ALJ in this case, ALJ Loughlin, issued his decision on March 28, 2018, more than three

months before the Commissioner ratified and approved all SSA ALJs. Accordingly, Defendant does not contest that ALJ Loughlin had not been appointed consistent with *Lucia* and the Appointments Clause at the time of his decision.

However, Plaintiff did not raise his Appointments Clause argument in his application for benefits, during his hearing before ALJ Loughlin, or before the Appeals Council. Accordingly, he waived the argument. *See U.S. v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) ("[O]rderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts.").

Finding that Plaintiff has waived this argument is consistent with the majority of courts to encounter the issue. *See e.g.*, *Page v. Comm'r Soc. Sec.*, 344 F.Supp.3d 902 (E.D. Mich. Oct. 31, 2018) ("As of this date, the courts that have considered the issues have unanimously rejected attacks on the validity of the ALJ's appointment under *Lucia* brought under 42 U.S.C. 405(g) where the claimant failed to make a constitutional challenge at the administrative level."); *Fortin v. Comm'r Soc. Sec.*, 372 F.Supp.3d 558 (E.D. Mich. Mar. 29, 2019) ("[D]istrict courts across the country 'overwhelmingly' have endorsed the Commissioner's position."); *Hutchins v. Berryhill*, 376 F.Supp.3d 775, 777-78 (E.D. Mich. 2019) ("[I]t appears that the majority, if not all, of the district courts to address this issue in the Sixth Circuit have held that a plaintiff forfeits an Appointments Clause argument by failing to raise it during administrative proceedings. The overwhelming majority of district courts across the country to address this issue have reached the same conclusion."); *Ramsey v. Comm'r Soc. Sec.*, 2019 WL 2035595, at *12 (E.D. Mich. Feb. 25, 2019) (finding that the plaintiff's Appointment Clause challenge was waived by not bringing it before the ALJ) ("[C]ourts considering this issue of forfeiture have overwhelmingly concluded

that where a claimant fails to raise the challenge at the administrative level the claimant forfeits the challenge in the district court."); *Shoops v. Comm'r Soc. Sec.*, No. 18-10444, 2019 WL 1417164, at *2 (E.D. Mich. Mar. 29, 2019).

Plaintiff's argument that ALJ Loughlin was not properly appointed under the Appointments Clause was forfeited because he did not present it during the administrative proceedings.

### III.

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment, ECF No. 23, is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 17, is **DENIED**.

It is further **ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED**.


Dated: March 16, 2020                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge